UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PETER GEROLD,

    Plaintiff,

v.                                        Case No:   2:15-cv-475-FtM-99CM

ASTELLAS PHARMA US, INC.
and MCKESSON CORPORATION,

    Defendants.

## ORDER

Before the Court are Defendants' Motion to Stay and Incorporated Memorandum of Law (Doc. 16), filed on August 24, 2015, and Defendants' Agreed Motion for Extension of Time (Doc. 21), filed on September 17, 2015. Defendants state that Plaintiff, *pro se*, Peter Gerold opposes the Motion to Stay. Doc. 16 at 7. Plaintiff, however, has failed to file a response; and the time to do so has expired. Plaintiff does not oppose the Motion for Extension of Time. Doc. 21 at 1.

Defendants Astellas Pharma US, Inc. and McKesson Corporation, jointly request to stay discovery of this matter, citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1983), pending a ruling by the Court on their Motions to Dismiss (Docs. 9, 10), which assert failure to state a claim. In *Chudasama*, the Eleventh Circuit noted that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins. Such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading

are presumed to be true." *Id.* at 1367 (footnote omitted). "Therefore, neither the parties nor the court have any need for discovery before the court rules on the motion." *Id.*; *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002). However, *Chadsuma* does not stand for the proposition that all discovery in every circumstance should be stayed pending a decision on a motion to dismiss. *Koock v. Sugar & Felsenthal, LLP*, 2009 WL 2579307, at \*2 (M.D. Fla. Aug. 19, 2009). "Instead, *Chudasama* and its progeny 'stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount.'" *Id.* (citing *In re Winn Dixie Stores, Inc.*, 2007 WL 1877887, at \*1 (M.D. Fla. June 28, 2007)).

In deciding whether to stay discovery pending resolution of a motion to dismiss, the court must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006) (citation omitted). To this end, the court must take a "preliminary peek" at the merits of the dispositive motion to see if it "appears to be clearly meritorious and truly case dispositive." *Id.* (citation and internal quotation marks omitted).

Defendants argue that good cause exists to grant the stay because they have made a likely meritorious facial challenge to Plaintiff's Complaint; and if discovery goes forward, unnecessary costs will be incurred. Doc. 16 at 5-6. Defendants argue that Plaintiff's Complaint (Doc. 2) still contains numerous pleading deficiencies and

fails to state a claim. *Id.* at 2. Defendants also state that Plaintiff will not be prejudiced if the Court stays this case. *Id.* at 6.

Because there are pending motions challenging the legal sufficiency of the complaint, the Court will stay discovery for a period of 90 days. Delaying discovery until the Court rules on whether Plaintiff has stated a viable cause of action will cause Plaintiff little harm.

Defendants also filed an Agreed Motion for Extension of Time. Doc. 21. Defendants request that the Court extend the time for the parties to have their Case Management Conference until the Court resolves Defendants' Motion to Stay. *Id.* at 1. Because the Court is now issuing a ruling on Defendants' Motion to Stay, Defendants Agreed Motion for Extension of Time is moot.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Defendants' Motion to Stay and Incorporated Memorandum of Law (Doc. 16) is **GRANTED**. This case is **STAYED** for a period of 90 days from the date of this Order. The Clerk is directed to add a stay flag to the docket.

2. Within ten (10) days after the expiration of the 90-day period, if this matter is not resolved by the dispositive motions or the Court has not yet ruled on the motions, the parties are directed to file their Case Management Report.

3. Defendants' Agreed Motion for Extension of Time (Doc. 21) is **DENIED as moot.**

**DONE** and **ORDERED** in Fort Myers, Florida on this 7th day of October, 2015.

*/s/ Carol Mirando*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record