UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PETER GEROLD,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　Case No: 2:15-cv-475-FtM-99CM

ASTELLAS PHARMA US, INC. and
MCKESSON CORPORATION,

    Defendants.

## ORDER

This matter comes before the Court on plaintiff's Motion to Remand (Doc. #12) and Memorandum in Support (Doc. #13), both filed on August 18, 2015. Defendants filed a Memorandum in Opposition to plaintiff's Motion to Remand (Doc. #17) on August 24, 2015. Also before the Court are defendants Astellas Pharma US, Inc.'s ("APUS") and McKesson Corporation's ("McKesson") Motions to Dismiss (Docs. #9, 10), both filed on August 14, 2015. Plaintiff filed Responses to the Motions to Dismiss (Docs. ##18, 19) on August 28, 2015.

### I. Background

Plaintiff, Peter Gerold ("Gerold") filed this action in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County on July 10, 2015 against Astellas Pharma US Inc. ("APUS") and McKesson Corporation ("McKesson"). (Doc. #2.) Plaintiff asserts the following causes of action in his Complaint: (1)

Florida License Obtained by Deception and Fraud by Maker APUS, (2) Strict Products Liability for Failure to Warn, (3) Negligence, (4) Fraud and Misrepresentation, and (5) demanding injunctive relief along with compensatory and punitive damages. (Id.)

Defendants filed a Notice of Removal (Doc. #1) on August 7, 2015 removing the action to the United Stated District Court for the Middle District of Florida, Fort Myers Division, on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, 1447. (Id.)  Defendants APUS and McKesson filed Motions to Dismiss (Docs. ##9, 10) on August 14, 2015. Plaintiff filed responses to defendants' Motions to Dismiss (Docs. ## 18. 19) on August 28, 2015.  Plaintiff filed a Motion for Remand (Doc. #12) and a Memorandum in Support of same (Doc. #13) on August 18, 2015. Defendants filed a Memorandum in opposition to plaintiff's Motion to Remand (Doc. #17) on August 24, 2015.

## II.  Motion to Remand

A defendant can remove an action to a United States District Court based on diversity jurisdiction under 28 U.S.C. § 1332.  28 U.S.C. § 1441(a).  District Courts have original jurisdiction over civil actions involving parties with diverse citizenship where the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity, i.e., that every plaintiff is diverse from every defendant. Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994).

"All doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1994).

Plaintiff argues that this matter should be remanded to state court because 21 U.S.C. 205[1] allows a state to determine violations by a licensee. (Doc. #13, p. 4.)  Plaintiff also seems to allege that there may not be complete diversity—pointing out that "[b]oth defendants are licensed in the State of Florida," "McKesson maintains a warehouse [in] . . . Lakeland, FL," the property in Lakeland "has a business tax certificate issued by the City of Lakeland," their website "claims sales of over 1 billion creating more than a causal relationship in the State of Florida," and "the sale of the drug Lexiscan originated and was completed by McKesson Corporation from the Florida location making them a citizen of Florida." (Id. at 2.)

A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  The corporation's principal place of business is "where a corporation's officers direct control, and coordinate the corporation's activities," in other words the

---

[1] The Court believes that the plaintiff meant to cite to 21 C.F.R. § 205 and will conduct its analysis accordingly.

corporation's "nerve center."  Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

Plaintiff is a citizen of Florida. (Doc. #1, ¶ 6; Doc. #13, p. 2; Doc. #17, p. 1.)  APUS is incorporated in Delaware and has its principal place of business in Illinois—making it a citizen of both Delaware and Illinois.  Neither of these have been contested by plaintiff.[2]  McKesson is incorporated in Delaware and has its principal place of business in California—making it a citizen of both Delaware and California.

While plaintiff does not challenge defendants' statements regarding citizenship in its Motion for Remand, plaintiff seems to allude that the defendants are also citizens of Florida, thus destroying the complete diversity requirement under 28 U.S.C. § 1332. (Doc. #13, pp. 1-2.)  Plaintiff points to the fact that defendants hold a license to sell pharmaceuticals in Florida, McKesson owns property in Florida, and defendants sell pharmaceuticals in Florida. (Id.)  However, these factors do not make defendants citizens of Florida.  The only places that a corporation is deemed a citizen is that where it is incorporated and where it maintains its principal place of business. 28 U.S.C.

---

[2] Plaintiff expressly agrees that APUS is a citizen of Illinois, but does, however, leave out Delaware as an additional place of citizenship. (Doc. #13, p. 2: "Defendants are citizens of Illinois and California, respectively.")  Plaintiff does the same in regard to McKesson.  There is no indication that plaintiff disagrees that defendants are also citizens of Delaware.

§ 1332(c)(1).  Accordingly, the Court finds that there is complete diversity of citizenship.

Plaintiff argues that 21 C.F.R. § 205 prevents this court from exercising jurisdiction over this matter.  (Doc. #13.)  21 C.F.R. § 205 applies to persons and entities engaging in the sale of human prescription drugs in interstate commerce. 21 C.F.R. § 205.1.  Its purpose is to "provid[e] minimum standards, terms, and conditions for the licensing" of those who sell prescription drugs in interstate commerce. Id. § 205.2.  Nothing within 21 C.F.R. § 205 addresses jurisdiction of the courts nor provides that the state courts have the exclusive jurisdiction over matters governed thereunder.  Plaintiff also asserts some brief arguments that relate to federal question jurisdiction.  The Court is not persuaded by these arguments because the defendants removed on the basis of diversity jurisdiction.

### III.  Motions to Dismiss

After reviewing the Complaint, the Court finds that it cannot resolve the substantive issues because the Complaint is a shotgun pleading.  A shotgun pleading is a pleading that "incorporate[s] every antecedent allegation by reference into each subsequent claim for relief or affirmative defense." Wagner v. First Horizon Pharm. Corp., 464 F.3d 1273, 1279 (11th Cir. 2006).  As a result, most of the counts in a typical shotgun complaint "contain irrelevant factual allegations and legal conclusions." Strategic

Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).

Here, plaintiff's Complaint incorporates by reference all of the facts and legal conclusions contained in the preceding paragraphs into each subsequent count. (Doc. #13, ¶¶ 25, 38, 49, 57, 75.) The Eleventh Circuit has consistently frowned upon shotgun pleadings such as the one presented herein, and shotgun pleadings "exact an intolerable toll on the trial court's docket." Cramer v. Florida, 117 F.3d 1258, 1263 (11th Cir. 1997). See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases). Accordingly, the Eleventh Circuit has established that when faced with a shotgun pleading, a district court should require the parties to file an amended pleading rather than allow such a case to proceed to trial. Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. #12) is **DENIED.**

2. Plaintiff's Complaint (Doc. #2) is dismissed without prejudice to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Order.

3. Defendant Astellas Pharma US, Inc.'s Motion to Dismiss Plaintiff's Complaint (Doc. #9) and Defendant McKesson

Corporation's Motion to Dismiss Plaintiff's Complaint are denied as **moot**.

    4.    The Clerk is hereby directed to lift the stay.

    **DONE and ORDERED** at Fort Myers, Florida, this __2nd__ day of December, 2015.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record