UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PETER GEROLD,

    Plaintiff,

v.                                  Case No: 2:15-cv-475-FtM-99CM

ASTELLAS PHARMA US, INC. and
MCKESSON CORPORATION,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant McKesson Corporation's Motion to Dismiss Amended Complaint (Doc. #26) and defendant Astellas Pharma US, Inc.'s Motion to Dismiss Amended Complaint (Doc. #27), both filed on January 4, 2016. Plaintiff filed Memorandums in Opposition (Docs. ##29-30) on January 7, 2016.

**I.**

Plaintiff Peter Gerold ("Gerold") brings this action against Astellas Pharma US, Inc. ("APUS") and McKesson Corporation ("McKesson") seeking damages for injuries incurred as a result of being administered the drug Lexiscan. (Doc. #25.) Lexiscan is a drug used in cardiac stress tests. (Id. ¶ 11.) Plaintiff was a patient receiving medical care and treatment when he was administered Lexiscan during a routine cardiac stress test. (Id.

¶ 7.)  Plaintiff alleges that had he been warned of the severe adverse side effects, he would have declined the administration of Lexiscan. (Id.)

Plaintiff seeks to hold defendants APUS and McKesson responsible for their involvement in the marketing and distribution of Lexiscan in Florida, specifically to Lee Memorial Health Systems. (Id. ¶¶ 8-10, 12-13.) Plaintiff alleges that APUS sold pharmaceuticals in the State of Florida under a fraudulently obtained license and that McKesson acted in concert with APUS to market, promote, sell, and distribute Lexiscan. (Id.) Plaintiff alleges that defendants distributed Lexiscan with inadequate instructions regarding warning patients of serious adverse reactions. (Id. ¶ 14.) Defendants were aware of a safer drug alternative that was available for the same testing, but promoted and marketed Lexiscan instead. (Id. ¶ 15.)

Gerold filed this action in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County on July 10, 2015 against APUS and McKesson. (Doc. #2.) Defendants removed the case to the United States District Court for the Middle District of Florida, Fort Myers Division (Doc. #1) on August 7, 2015. Following the Court's Order denying plaintiff's Motion to Remand and dismissing plaintiff's Complaint as a shotgun pleading (Doc. #24), plaintiff filed an Amended Complaint (Doc. #25) on December

15, 2015. Plaintiff's Amended Complaint asserts two claims: (1) Strict Products Liability for Failure to Warn against Defendants and (2) Negligence and Misrepresentation against Defendants. (Id.)

**II.**

Plaintiff's Amended Complaint is a shotgun pleading often condemned by the Eleventh Circuit. Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321 (11th Cir. 2015) ("The most common type — by a long shot — is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint."). The Eleventh Circuit has also noted that, "[w]hile plaintiffs have the responsibility of drafting complaints [that do not constitute shotgun pleadings], defendants are not without a duty of their own in this area. . . . [A] defendant faced with a shotgun pleading should move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." Id. at 1321 n.10. Where the parties fail to so comply, the Court has a *sua sponte* obligation to identify and dismiss a shotgun pleading. Id. See also Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008) (collecting cases); Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001).

3

A pleading drafted by a party proceeding *pro se*, like the Amended Complaint at issue here, is held to a less stringent standard than one drafted by an attorney, and the Court will construe the allegations contained therein liberally. Jones v. Fla. Parole Comm'n, 787 F.3d 1105, 1107 (11th Cir. 2015). "This liberal construction, however, does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" Hickman v. Hickman, 563 F. App'x 742, 743 (11th Cir. 2014) (internal quotation marks and citations omitted). *Pro se* parties are still required to conform to the procedural rules. Id.

On December 2, 2012, this Court entered an Order finding plaintiff's initial Complaint a shotgun pleading and allowing plaintiff fourteen days to file an Amended pleading. (Doc. #24.) The Court noted that "plaintiff's Complaint incorporate[d] by reference all of the facts and legal conclusions contained in the preceding paragraphs into each subsequent count." (Id. at 6.) Construing the Amended Complaint liberally, the Court finds that plaintiff has failed to cure the deficiencies that existed in plaintiff's initial Complaint. Plaintiff's Amended Complaint contains the same deficiencies. Although plaintiff has reduced the number of counts alleged in his Amended Complaint, Count 2

4

still incorporates by reference Count 1 and all of the preceding paragraphs and legal conclusions. (See Doc. #25, ¶ 49.)

Additionally, the Court notes that it is unclear what cause of action plaintiff is attempting to assert in its second count titled "negligence and misrepresentation." (Id. at 6.) This could be construed as attempting to assert two or more separate causes of action. When preparing his Second Amended Complaint, if any, plaintiff is directed to delineate which cause of action he is attempting to set forth and to set forth each cause of action in a separate count. The Court directs plaintiff to consult the "Proceeding Without a Lawyer" resources on filing a *pro se* complaint that are provided on the Court's website, at http://www.flmd.uscourts.gov/pro_se/default.htm. The website has tips, answers to frequently-asked questions, and sample forms. There is also a link that, through a series of questions, may help plaintiff generate a second amended complaint.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's Amended Complaint (Doc. #25) is **dismissed without prejudice** to filing a Second Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

2. Defendant's McKesson Corporation's Motion to Dismiss Amended Complaint (Doc. #26) and Defendant Astellas Pharma US,

5

Inc.'s Motion to Dismiss Amended Complaint (Doc. #27) are **denied as moot.**

    3.   The Clerk is hereby directed to lift the stay.

    **DONE AND ORDERED** at Fort Myers, Florida, this __25th__ day of April, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of record