```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

PETER GEROLD,

        Plaintiff,

v.                                    Case No: 2:15-cv-475-FtM-99CM

ASTELLAS PHARMA US, INC. and
MCKESSON CORPORATION,

        Defendants.

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Declare Florida License of Defendant Astellas Pharma US, Inc. Null and Void (Doc. #28) filed on January 7, 2016. On January 25, 2016, defendant Astellas Pharma US, Inc. filed an Opposition and Motion to Strike and Incorporated Memorandum of Law. (Doc. #31.) On March 10, 2016, plaintiff filed a Motion for Leave to File Amended Motion to Declare Florida License of Defendant Astellas Pharma, US Inc. Null and Void (Doc. #37), to which defendant Astellas Pharma US, Inc. filed a Response (Doc. #38) on March 25, 2016. Because plaintiff's Motion to Declare Florida License of Defendant Astellas Pharma US, Inc. Null and Void (Doc. #28) is due to be denied, the filing of an amended motion would be futile and, as such, plaintiff's Motion for Leave to File Amended Motion (Doc. #37) is denied as moot.

Plaintiff seeks entry of an order declaring defendant Astellas Pharma US, Inc.'s Florida Non-Resident Prescription Drug Manufacturing License No. 26559 Null and Void from 8/31/2007 to the present. (Doc. #28.)  In support, plaintiff alleges that Astellas Pharma US, Inc. failed to fulfill the permit renewal application requirements as required by statute. (Id.) Essentially plaintiff requests this Court to initiate a license revocation proceeding against Astellas Pharma US, Inc.  (Id.)

The Florida Department of Business and Professional Regulation has the authority to issue, deny, suspend, and revoke non-resident prescription drug manufacturing permits.  Fla. Stat. §§ 499.003(14), 499.012(4)(b), 499.012(6),  499.067(1)(a). Plaintiff has not cited to any authority allowing this Court to invade the authority of the Florida Department of Business and Professional Regulation in regulating its licenses and permits. While there may be judicial review available following a final action by a regulating administrative agency, that is not the situation currently before the Court.  See Fla. Stat. § 120.68(1). Accordingly, the Court finds that it does not have the authority to award the relief requested by plaintiff.  As such, plaintiff's Motion for Miscellaneous Relief (Doc. #28) is denied.  Any amended Motion for Miscellaneous Relief by plaintiff would be futile. Accordingly, plaintiff's Motion for Leave to File an Amended Motion (Doc. #37) is denied as moot.

Within its Opposition and Motion to Strike, Defendant Astellas Pharma US, Inc. asserts that plaintiff's motion was in violation of the Court's Order staying the case and should be stricken. At this stage of the proceedings, the Court denies defendant's request to strike plaintiff's Motion.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Declare Florida License of Defendant Astellas Pharma, US Inc. Null and Void (Doc. #28) is **DENIED**;

2. Defendant Astellas Pharma US, Inc.'s Motion to Strike (Doc. #31) is **DENIED;**

3. Plaintiff's Motion for Leave to File Amended Motion to Declare Florida License of Defendant Astellas Pharma US, Inc. Null and Void (Doc. #37) is **DENIED as moot.**

**DONE and ORDERED** at Fort Myers, Florida, this __1st__ day of June, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Plaintiff
Counsel of Record